# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ALBERTA DIONNE BADON**                              **CIVIL ACTION**

**VERSUS**                                                          **NO. 20-460-BAJ-RLB**

**U.S. DEPARTMENT OF AGRICULTURE**

## ORDER

Before the Court is the Motion to Reconsider the Court's Order Denying Motion to Appoint Counsel (R. Doc. 8) filed by Plaintiff, Alberta Dionne Badon, on August 13, 2020. Plaintiff requests the Court reconsider its August 4, 2020 Order (R. Doc. 6) wherein Plaintiff's request for appointment of counsel was denied. In support of her request, Plaintiff represents that she is indigent, that she has contacted several attorneys and been unable to secure representation, and that she is unable to represent herself because she does not possess the skills necessary to bring her litigation to finality. (R. Doc. 8).

The arguments raised by Plaintiff were addressed in the context of her prior Motion to Appoint Counsel (R. Doc. 3) and resolved in the Court's Order (R. Doc. 6) dated August 4, 2020. Under Fed. R. Civ. P. 59(e), motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Plaintiff raises no argument that the Court committed a manifest error of law, nor does she present newly discovered evidence, and the Court finds no indication of same.

Plaintiff does provide more substantive information with regard to her suggestion that she is unable to adequately represent herself because she does not have a sufficient knowledge of the law or procedures required throughout the legal process, in particular at trial on the merits. (R.

Doc. 8 at 2-3). However, although Plaintiff appears to lack training as an attorney, this does not serve as a bar to her ability to adequately represent herself. Plaintiff's original motion to appoint counsel indicated that she currently carries $70,000 in student loan debt, which would suggest that Plaintiff has obtained at least some education beyond high school. (R. Doc. 3 at 3). The Court considered similar factors in the case of *Scales v. Horsley*, 2018 WL 8868504, at *1 (N.D. Tex. Sept. 25, 2018), *appeal dismissed*, 772 Fed. App'x 78 (5th Cir. 2019), stating the following:

> Review of Plaintiff's amended complaint and his answers to the Court's questionnaire reveals that he has adequately presented the operative facts underlying his claims for relief. His issues are understandable and his command of the English language appears to be average. The motions filed by Plaintiff reflect an average understanding of Court procedures. Thus, Plaintiff seems capable of adequately representing himself in this litigation. Moreover, there are no complex issues of fact or law which would require the skill of an attorney to litigate. At this time it does not appear likely that appointment of counsel will shorten the litigation process nor will it assist in a just resolution of the complaint.
> Although Plaintiff has a difficult burden to meet, all *pro se* litigants who bring civil rights actions face a similar challenge. Plaintiff has failed to establish exceptional circumstances which would warrant appointment of counsel at this time.

The Court makes similar findings herein. Plaintiff's Complaint contains a specific list of causes of action she brings, and includes detailed allegations and exhibits concerning the facts she alleges gives rise to liability, amounting to 119 pages. (R. Doc. 1). Review of these documents reveals that Plaintiff has at least an average understanding of the English language and Court procedures.

As noted previously, the Court is aware that Plaintiff is not an attorney, and to the extent Plaintiff asserts that she has a limited knowledge of the law, this is true of nearly every pro se litigant. For that reason, the Court advises Plaintiff that, as a pro se litigant, she will not be held to the same standards as a practicing attorney. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (finding allegations in a pro se complaint are to be held "to less stringent standards than

formal pleadings drafted by lawyers"); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a pro se plaintiff's] allegations and briefs more permissively") (citing *McCabe v. Arave*, 827 F.2d 634, 640 n.6 (9th Cir. 1987) ("courts are to make reasonable allowances for pro se litigants and to read pro se papers liberally")).

This Court is liberal in reviewing pro se pleadings and motions, giving pro se plaintiffs opportunity to amend if necessary, and granting extensions of time to comply with orders. Consequently, the Court's liberal construction of pro se pleadings and motions, together with Plaintiff's apparent ability to litigate this action pro se, convinces the Court that the appointment of counsel is not necessary at this time.

Based on the foregoing,

**IT IS ORDERED** that the Motion to Reconsider the Court's Order Denying Motion to Appoint Counsel (R. Doc. 8) filed by Plaintiff, Alberta Dionne Badon is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 17, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**