# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ALBERTA DIONNE BADON**                              **CIVIL ACTION**

**VERSUS**                                            **NO. 20-460-BAJ-RLB**

**U.S. DEPARTMENT OF AGRICULTURE**

## <u>ORDER</u>

Before the Court is the Motion to Set Aside Entry of Default filed by Defendant, U.S. Department of Agriculture. (R. Doc. 22). Therein, Defendant requests the Court set aside the Clerk's Entry of Default (R. Doc. 19) on the assertion that Defendant has not been properly served under Fed. R. Civ. P. 4(i). The record reflects that summons was issued as to Sonny Perdue, U.S. Department of Agriculture, on August 4, 2020 (R. Doc. 7), and returned executed with an October 1, 2020 service date on October 6, 2020 (R. Doc. 13).[1] There is nothing in the record to indicate that summons were requested or served on any other governmental entity.

Rule 55(c) of the Federal Rules of Civil Procedure allows a court to "set aside an entry of default for good cause." Courts have found good cause where the defendant had not been properly served. *See, e.g., Conwill v. Greenberg Traurig, L.L.P.*, 2010 WL 2773239, at *3 (E.D. La. July 13, 2010) ("A defendant must have been properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure in order to be held accountable for failing to plead or otherwise defend… Absent proper service of process, the court lacks jurisdiction over the defendant and entry of default granted under such conditions is void.").

---

[1] The U.S. Marshal indicates in the executed summons that he was advised by the Office of General Counsel to send all documents via electronic mail and did so as instructed. (R. Doc. 13 at 1).

In serving the United States and its agencies, Fed. R. Civ. P. 4(i) requires the following, in pertinent part:

> (1) *United States.* To serve the United States, a party must:
>     (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>         (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>         (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>         (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

In her Complaint, Plaintiff names as Defendant Sonny Perdue, Secretary of the U.S. Department of Agriculture, thereby suing an agency of the United States, as well as Sonny Perdue in his official capacity. The returned summons indicates that Plaintiff submitted a request for service on Sonny Perdue, U.S. Department of Agriculture, at 1400 Independence Ave SW, Washington, DC 20250, which the U.S. Marshal transmitted via electronic mail. (R. Doc. 13 at 1). There is no indication that summons was issued or service effected as to the Attorney General or the U.S. Attorney for the Middle District of Louisiana, nor that any service was effected via certified mail, as required by Rule 4.

Accordingly, the Court finds good cause to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) based on a failure to properly serve Defendant pursuant to Fed. R. Civ. P. 4(i). Based on Plaintiff's *pro se* status and what appears to be a good faith effort to serve Defendant, the Court also finds good cause to extend the time period for service on Defendant.

Accordingly, within fourteen (14) days of the date of this Order, Plaintiff shall submit summons for issuance as to (1) the U.S. Attorney for the Middle District of Louisiana; (2) the Attorney General of the United States at Washington, D.C.; and (3) Sonny Perdue, U.S. Department of Agriculture. Upon issuance of those summonses by the Clerk, the U.S. Marshal shall then mail each issued summons, along with a complete copy of the Complaint to each of the three persons or entities listed above via Certified Mail, as required by Fed. R. Civ. P. 4(i). For reference, the Court also notes that Fed. R. Civ. P. 12(a)(2) provides for a 60-day period from service on the U.S. Attorney within which it must serve an answer to Plaintiff's Complaint, such that the Clerk's Entry of Default was premature. Notwithstanding the permissions provided by Fed. R. Civ. P. 12(a)(2), the Court would encourage an earlier filing by Defendant where practicable.

Based on the foregoing,

**IT IS ORDERED** that the Motion to Set Aside Entry of Default (R. Doc. 22) is **GRANTED** and the Entry of Default (R. Doc. 13) shall be set aside.

**IT IS FURTHER ORDERED** that Plaintiff shall submit summons for issuance in accordance with the foregoing within **fourteen (14) days** of the date of this Order.

**IT IS FURTHER ORDERED** that, upon receipt of the summons, the U.S. Marshal shall serve the defendants via certified mail as set forth in this Order.

Signed in Baton Rouge, Louisiana, on December 21, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**