UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALBERTA DIONNE BADON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-460-BAJ-RLB** |
| **U.S. DEPARTMENT OF AGRICULTURE** | |

**ORDER**

Before the Court is The United States of America's Motion to Stay Discovery filed on July 6, 2021. (R. Doc. 51). The deadline to file an opposition has expired. LR 7(f). Accordingly, the Motion is unopposed.

Alberta Dionne Badon ("Plaintiff") is a former Agricultural Commodity Technician with the Federal Grain Inspection Service of the United States Department of Agriculture ("USDA"). (R. Doc. 1-1 at 20). Plaintiff was terminated from her position after an investigation by the USDA charged Plaintiff with (1) failing to report employees were introducing non-grain substances or foreign material into grain containers; (2) engaging in disruptive behavior by sharing personal information she gathered on the Internet about her coworkers with other coworkers; (3) referring to management, during an agency meeting, in derogatory and disrespectful terms and engaging in the use of profanity; and (4) recording a phone conversation with her supervisor. (R. Doc. 1-1 at 26-29).

On July 13, 2020, Plaintiff commenced this action with the filing of her Complaint (R. Doc. 1). Therein, Plaintiff alleges intentional infliction of emotional distress, disparate treatment discrimination, retaliation/reprisal, whistleblower activity, Constitutional rights (Amendment 6), pain and suffering, wrongful termination, slander and defamation, adverse employment action, and denial of due process during termination (progressive discipline). (R. Doc. 1-1 at 1). Plaintiff

named Sonny Perdue, Secretary of the USDA, as the sole defendant in the action. (R. Doc. 1 at 2).

On March 29, 2021, Thomas Vilsack, Secretary of the USDA, and the United States of America (collectively, "Defendants") filed a Motion to Dismiss seeking relief under Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. (R. Doc. 42). Defendants assert that the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over Plaintiff's whistleblower and wrongful termination claims under 5 U.S.C § 7703(b)(1)(A). (R. Doc. 42-1 at 10-12). Defendants also assert that to the extent Plaintiff seeks relief under Title VII, her claim is not plausible because she did not allege a protected activity or facts to support a disparate treatment claim. (R. Doc. 42-1 at 13-16). Finally, Defendants assert that Plaintiff's remaining allegations should be dismissed for failure to exhaust administrative remedies or failure to state a claim. (R. Doc. 42-1 at 16-20).

Through the instant motion, the United States seeks a stay of discovery because (1) it has filed a dispositive motion that, if granted, will dispose of all claims against Defendants, (2) it is likely to succeed on its motion, and (3) the Motion to Dismiss raises the threshold issue of subject-matter jurisdiction with respect to certain claims and the lack of plausibility with respect to other claims. (R. Doc. 51).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134

F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

Having reviewed the record, and considering that the instant motion is unopposed and Defendant's Motion to Dismiss raises the threshold issue of subject-matter jurisdiction, the Court finds good cause to stay discovery pending resolution of Defendant's Motion to Dismiss.

**IT IS ORDERED** that the Motion to Stay (R. Doc. 51) is **GRANTED**, and discovery is **STAYED** until further order of the Court. The parties shall immediately contact the undersigned upon the resolution of Defendant's Motion to Dismiss (R. Doc. 42) by the district judge.

Signed in Baton Rouge, Louisiana, on July 28, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**