UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERTA DIONNE BADON                                    CIVIL ACTION

VERSUS                                                  NO. 20-460-BAJ-RLB

U.S. DEPARTMENT OF AGRICULTURE

## ORDER

Before the Court is Plaintiff's Motion to Change Defendant's Name. (R. Doc. 49). The Motion is opposed. (R. Doc. 54).

Also before the Court are Plaintiff's Motion for Leave of Court and an Amendment of Complaint (R. Doc. 52) and Plaintiff's Motion for Leave to File Amended Complaint for Permanent Injunction and Other Equitable Relief. (R. Doc. 53). The deadlines for opposing these motions have not expired. LR 7(f).

## I.    Background

Alberta Dionne Badon ("Plaintiff") is a former Agricultural Commodity Technician with the Federal Grain Inspection Service of the United States Department of Agriculture ("USDA"). (R. Doc. 1-1 at 20). Plaintiff was terminated from her position after an investigation by the USDA charged Plaintiff with (1) failing to report employees were introducing non-grain substances or foreign material into grain containers; (2) engaging in disruptive behavior by sharing personal information she gathered on the Internet about her coworkers with other coworkers; (3) referring to management, during an agency meeting, in derogatory and disrespectful terms and engaging in the use of profanity; and (4) recording a phone conversation with her supervisor. (R. Doc. 1-1 at 26-29).

On July 13, 2020, Plaintiff commenced this action with the filing of her Complaint (R. Doc. 1). Therein, Plaintiff alleges intentional infliction of emotional distress, disparate treatment

discrimination, retaliation/reprisal, whistleblower activity, Constitutional rights (Amendment 6), pain and suffering, wrongful termination, slander and defamation, adverse employment action, and denial of due process during termination (progressive discipline). (R. Doc. 1-1 at 1). Plaintiff named Sonny Perdue, Secretary of the USDA, as the sole defendant in the action. (R. Doc. 1 at 2).

On March 15, 2021, Plaintiff filed an Amended Complaint without seeking or obtaining leave of Court, naming the United States of America as an additional defendant. (R. Doc. 37).

On March 29, 2021, Thomas Vilsack, Secretary of the USDA, and the United States of America (collectively, "Defendants") filed a Motion to Dismiss seeking relief under Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. (R. Doc. 42). Defendants assert in their motion that Thomas Vilsack, the Secretary of the USDA, has been automatically substituted as a party-defendant in place of Sonny Perdue, the former Secretary of the USDA, under Rule 25(d) of the Federal Rules of Civil Procedure. (R. Doc. 42 at 1 n.1). Defendants also assert that the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over Plaintiff's whistleblower and wrongful termination claims under 5 U.S.C § 7703(b)(1)(A). (R. Doc. 42-1 at 10-12). Defendants also assert that to the extent Plaintiff seeks relief under Title VII, her claim is not plausible because she did not allege a protected activity or facts to support a disparate treatment claim. (R. Doc. 42-1 at 13-16). Finally, Defendants assert that Plaintiff's remaining allegations should be dismissed for failure to exhaust administrative remedies or failure to state a claim. (R. Doc. 42-1 at 16-20).

The three motions at issue all seek some form of amendment of the pleadings, in part because of the filing of Defendants' Motion to Dismiss.  The first motion seeks to substitute Thomas Vilsack, the Secretary of the USDA, in place of Sonny Perdue, the former Secretary of

the USDA. (R. Doc. 49). The second motion states, in full, the following: "Plaintiff would like

the court to grant a leave of court. Plaintiff realize[s] that Plaintiff did not allege facts and law

that can win Plaintiff case. Also, Plaintiff would like permission to amend complaint." (R. Doc.

52). The third motion seeks amendment "to add defendant John Vilsack[1] the Secretary of

Agriculture and to add facts and law," further stating that Plaintiff "remain[s] focused on

obtaining equitable justice and monetary relief in this case against USDA." (R. Doc. 53).

## II.    Law and Analysis

### A.    Legal Standards

After a scheduling order is in place, amendments to pleadings beyond the date set by the

scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which

requires a showing of "good cause" for modifying the deadline set by the scheduling order. *See S*

*& W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In order to

show "good cause" the party seeking modification must show the deadlines could not

"reasonably be met despite the diligence of the party needing the extension." *Id*. at 545 (citation

omitted). The Court considers four factors for determining whether "good cause" exists to grant

an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for

leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the

amendment; and (4) the availability of a continuance to cure such prejudice." *See id*. (citing

*Reliance Ins. Co. v. Louisiana Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir. 1997)).

"Only upon the movant's demonstration of good cause to modify the scheduling order will the

more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."

*S & W Enter.*, 315 F.3d at 536.

---

[1] It appears that this is a mistake and Plaintiff is trying to name Thomas Vilsack (not John Vilsack) as the defendant.

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* at 873 (citations omitted).

### B.    Analysis

Two of Plaintiff's motions seek to substitute Thomas Vilsack, the current Secretary of the USDA, in place of Sonny Perdue, the former Secretary of the USDA. (R. Docs. 49, 52). The substitution of a current official for a former official who ceases to hold office occurs by

operation of law. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution."). The Court will grant this relief, however, to the extent Plaintiff seeks clarity in the record regarding this substitution by operation of law.

Plaintiff also more generally seeks leave to amend her complaint for the purpose of alleging additional facts and law. (*See* R. Docs. 52, 53). The Court will deny leave to amend based on the assertions in this motions. Plaintiff does not address the nature of the amendments sought or how those amendments address any deficiencies raised in Defendants' Motion to Dismiss. While Plaintiff states that she has attached a proposed Amended Complaint to one of her motions, no such proposed pleading was submitted. (*See* R. Doc. 53 at 1).  Plaintiff also does not establish good cause to amend after the March 15, 2021 deadline set in the Court's Scheduling Order. (*See* R. Doc. 32).  Instead, Plaintiff states that she timely moved to amend the pleadings in accordance with the Court's Scheduling Order, which she erroneously refers to as Record Document 85.[2] (R. Doc. 53 at 1).

The Court will determine whether to grant Plaintiff the opportunity to amend the pleadings in the course of resolving the pending Motion to Dismiss. To be clear, Plaintiff did not amend as a matter of course under Rule 15(a)(1)(B) within 21 days after service of Defendant's Motion to Dismiss.  In resolving Defendant's Motion to Dismiss, the Court will determine

---

[2] There is no Record Document 85.

whether any additional amendment should be allowed considering the standards set forth in Rule 16(b)(4) and Rule 15(a)(2).

Finally, Defendants filed a substantive opposition to Plaintiff's Motion to Change Defendant's Name (R. Doc. 49) to the extent Plaintiff seeks leave to separately name the "New Orleans Field Office" as a defendant, arguing that any such amendment is untimely and futile. (R. Doc. 54). As discussed above, the Court interprets Plaintiff's motion as simply seeking the substitution of the current Secretary of the USDA in place of the former Secretary of the USDA, which occurred under operation of law under Rule 25(d). To the extent Plaintiff's motion can be so broadly interpreted to seek the addition of the "New Orleans Field Office" as a defendant, the Court denies such relief at this time because Plaintiff has failed to establish good cause for further amendment under Rule 16(b)(4). Again, in resolving Defendants' Motion to Dismiss, the Court will determine whether additional leave to amend under Rule 16(b)(4) and Rule 15(a)(2) of the Federal Rules of Civil Procedure is appropriate.

### III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Change Defendant's Name. (R. Doc. 49), Plaintiff's Motion for Leave of Court and Amended of Complaint (R. Doc. 52), and Plaintiff's Motion for Leave to File Amended Complaint for Permanent Injunction and Other Equitable Relief. (R. Docs. 53) are **GRANTED IN PART and DENIED IN PART**. The motions are **GRANTED** to the extent they seek to substitute Thomas Vilsack, Secretary of the United States Department of Agriculture, in place of Sonny Perdue, former Secretary of the United States Department of Agriculture, on the docket. The motions are **DENIED** to the extent they seek any further relief.

**IT IS FURTHER ORDERED** that the Clerk's Office shall substitute Thomas Vilsack, Secretary of the United States Department of Agriculture, in place of Sonny Perdue, former Secretary of the United States Department of Agriculture on the docket.

**IT IS FURTHER ORDERED** that the Court will determine whether additional amendment to the pleadings is merited in the course of resolving Defendants' Motion to Dismiss. Any future motion seeking amendment of the pleadings prior to resolution of Defendants' Motion to Dismiss will be summarily denied.

Signed in Baton Rouge, Louisiana, on July 28, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**