UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERTHA DIONNE BADON                  CIVIL ACTION

VERSUS

THOMAS VILSACK,                        NO. 20-00460-BAJ-RLB
*Secretary, U.S. Department Of Agriculture*

### RULING AND ORDER

Before the Court is Plaintiff's **Motion for Recusal of Honorable Judge Brian A. Jackson. (Doc. 50).** No opposition has been filed. For the reasons stated herein, Plaintiff's Motion is **DENIED**.

As Plaintiff is proceeding *pro se*, judicial recusal is governed by 28 U.S.C. § 455, which provides certain circumstances where recusal is appropriate. *See King v. Toce*, No. CV 18-50-BAJ-RLB, 2019 WL 2181914, at *1 (M.D. La. May 20, 2019). Section 455(a) states that any "justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) provides additional circumstances for recusal, including whether the judge has "a personal bias or prejudice concerning a party."

The goal of this statute "is to promote public confidence in the judicial system by avoiding even the appearance of partiality." *King*, 2019 WL 2181914, at *1 (citing *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 226 (5th Cir. 1988)). Accordingly, Section 455 asks whether "the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *King*,

1

2019 WL 2181914, at *1 (citing *Potashnick v. Port City Constr. Co.*, 609 F. 2d 1101, 1111 (5th Cir. 1980)). The reasonable man viewpoint means the facts are assessed based on how they would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *King*, 2019 WL 2181914, at *1 (citing *U.S. v. Jordan*, 49 F. 3d 152, 156 (5th Cir. 1995)).

Here, Plaintiff asserts that recusal is warranted because Defense Counsel previously served as a summer intern for the Court. (Doc. 50, p. 1). The Court disagrees. Court records indicate that Defense Counsel served as a volunteer intern for the Court from July 15, 2013, to August 9, 2013, approximately eight and a half years ago, and approximately seven years prior to the filing of the above-captioned matter. (*See* Doc. 1). Defense Counsel served as an intern for a period of one month, did not serve as a law clerk, and was not involved in the instant matter. This is simply not an instance in which the Court's impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a); *see also U.S. v. Smith-Garcia*, 802 F. App'x 822, 826 (5th Cir.), *cert. denied*, 141 S. Ct. 608, 208 L. Ed. 2d 195 (2020) ("His motions for Judge Wingate to recuse—relying on Smith-Garcia's own writings, adverse rulings by the judge, unsubstantiated social-media posts, **and the participation at some point in these proceedings of a former law clerk (who is not alleged to have worked on Smith-Garcia's case during his clerkship)—are frivolous.**") (emphasis added); *see also* D.C. Advisory Committee on Judicial Conduct Advisory Opinion No. 13 (2014) ("[A]s a general rule of thumb, **law clerks** should not appear before the judges for whom they clerked within **a year** after the end of the clerkship." (emphasis added).

2

Section 455(a) does not require recusal on a mere unsubstantiated suggestion of personal bias or prejudice. *U.S. v. Rhodes*, 332 F. Supp. 2d 965, 967 (N.D. Tex. 2004). Indeed, "[a] judge should not recuse when there is no legal reason for him or her to do so." *Id.* (internal citations omitted). Here, the Court does not find recusal under 28 U.S.C. § 455 mandated or appropriate. The Court finds that a "reasonable and objective person" would not "harbor doubts concerning the [J]udge's impartiality" in this case. *See Lawrence v. Se. La. Legal Servs. Corp.*, No. CV 20-1985, 2021 WL 394849, at *3 (E.D. La. Feb. 4, 2021), *appeal dismissed*, No. 21-30121, 2021 WL 3907809 (5th Cir. July 15, 2021). Accordingly, Plaintiff's Motion will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Recusal of Honorable Judge Brian A. Jackson. (Doc. 50)** is **DENIED.**

Baton Rouge, Louisiana, this 24th day of January, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**