UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALBERTHA DIONNE BADON | CIVIL ACTION |
| VERSUS | |
| THOMAS VILSACK,<br>*Secretary, U.S. Department<br>Of Agriculture* | NO. 20-00460-BAJ-RLB |

## RULING AND ORDER

Before the Court is Defendants' **Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(1) and 12(b)(6),** seeking to dismiss Plaintiff's claims against the United States and Thomas Vilsack, Secretary of the U.S. Department of Agriculture.[1] (Doc. 42). The Motion is opposed. (Doc. 44). Defendants filed a Reply Brief. (Doc. 45).

The Magistrate Judge has issued a **Report and Recommendation,** recommending that the Court grant Defendants' Motion and dismiss the above-captioned matter. (Doc. 61). Plaintiff objects to the Report and Recommendation. (Doc. 62). Defendants filed a Response to Plaintiff's Objection. (Doc. 65). After carefully considering Plaintiff's Objections, the Court adopts the Magistrate Judge's Report and grants Defendants' Motion to Dismiss.

---

[1] On July 28, 2021, the Court granted Defendants' Motion to Substitute Thomas Vilsack, current Secretary of the United States Department of Agriculture, in place of Sonny Perdue. (Doc. 58).

1

Plaintiff asserts three objections: (1) the Magistrate Judge incorrectly found that Plaintiff could adequately represent herself; (2) the Court should permit Plaintiff to amend her Complaint; and (3) after agreeing that her "Whistleblower activity claim is outside the jurisdiction of the Court," Plaintiff argues that the Court has jurisdiction to consider her remaining claims pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1391(b). (Doc. 62, p. 2–6).

First, the issue of appointment of counsel is not the subject of the instant Motion or Report and Recommendation. (*See* Doc. 42; Doc. 61). After receipt of the Report, Federal Rule of Civil Procedure 72(b)(2) provides Plaintiff the opportunity to "**serve and file specific written objections to the proposed findings and recommendations**" contained in the Report. Rule 72(b)(2) does not provide Plaintiff the opportunity to raise extraneous issues in the form of an Objection. Because Plaintiff's purported Objection contests an issue outside of the scope of the instant Report, the Court will not consider it at this time. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition **that has been properly objected to**.") (emphasis added). Moreover, the Court previously addressed the issue of appointment of counsel. (*See* Doc. 46).

Second, the Court will not permit Plaintiff to amend her Complaint. Since the issuance of the instant Report, the Magistrate Judge denied Plaintiff's additional Motion to Amend her Complaint, noting the following:

> [T]he Court gave consideration to plaintiff's status as a pro se litigant and construed her claims broadly. The Court considered any legal basis that could apply to plaintiff's employment. The Court also considered all of the materials submitted with the Complaint and Amended Complaint

2

– over 100 pages.

> More importantly, plaintiff fails [to] specify the amendments she seeks to make or attach any proposed amended complaint to the Motion . . . Without a draft complaint to evaluate how plaintiff believes she can sufficiently plead a valid cause of action in this court, the Court finds that Plaintiff's motion should be denied.

(Doc. 64, p. 3–4; *see also* Doc. 63). Additionally, Plaintiff has already filed an Amended Complaint. (Doc. 37).

Finally, Plaintiff's reference to statutes regarding federal question jurisdiction, supplemental jurisdiction, and venue, generally, does not compel a different result. (Doc. 62, p. 4–6 (citing 28 U.S.C. §§ 1331, 1367(a), and 1391(b)). As set forth in the Magistrate Judge's Report, Plaintiff must comply with the statutory scheme set forth in the Civil Service Reform Act, and general jurisdictional statutes do not persuade otherwise. (Doc. 61, Doc. 12–13).

Having carefully considered the underlying Complaint, the instant Motion, Plaintiff's Objections, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

Accordingly,

**IT IS ORDERED** that Defendants' **Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(1) and 12(b)(6)** (Doc. 42) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Thomas Vilsack, Secretary of the U.S. Department of Agriculture, and the United States of America, are hereby **DISMISSED**.

A final judgment shall issue.

Baton Rouge, Louisiana, this 26th day of January, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**